IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANDREW BARTON,<br><br>    Plaintiff,<br><br>vs.<br><br>DESERET LABORATORIES INTERNATIONAL, LLC, and DESERET LABORATORIES, INC.,<br><br>    Defendants. | ORDER GRANTING MOTION TO DISMISS<br><br><br><br>Case No. 2:06-CV-00197 PGC |

Plaintiff Andrew Barton brought this action against defendants Deseret Laboratories International, L.L.C. ("the LLC") and Deseret Laboratories, Inc. ("the Corporation"), asserting violation of his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et. seq ("FMLA") and equitable estoppel as grounds for relief. Mr. Barton seeks monetary damages for lost wages and other employee benefits from the LLC and the Corporation, claiming both were his employer during the relevant period and both qualify as "employers" under FMLA.

The LLC has filed a renewed motion to dismiss under 12(b)(1), (2), and (6)of the Federal Rules of Civil Procedure, arguing that it was never Barton's employer and did not qualify as an "employer" under the FMLA. Because materials outside of the pleadings have been presented to

and considered by the court, the LLC's motion to dismiss will "be treated as one for summary judgment and disposed as provided in Rule 56."[1]

After reviewing the materials presented by both parties in the light most favorable to Mr. Barton,[2] the court finds that the LLC was not Mr. Barton's employer. The court therefore GRANTS the LLC's motion and DISMISSES it as a defendant.

## Background

Mr. Barton worked for Deseret Labs[3] from January of 2001 to March 9, 2004, when his employment was terminated. When Mr. Barton's mother died on February 25, 2004, he asked Scott Gubler, "CEO of Deseret Labs," and Dale Tharp, "Director of Operations for Deseret Labs," for time off to attend his mother's funeral and care for his ailing father.[4] No one declined Mr. Barton's request and he took leave from February 25 to March 16, 2004. On March 10, 2004, Tharp told Mr. Barton over the phone that Deseret Labs could no longer hold his job open and had terminated his employment. A letter dated March 9, 2004, informed Mr. Barton and his wife, who also worked for the company, that their employment had been terminated. The Bartons then filed a complaint with the United States Department of Labor, Wage & Hour

---

[1] Fed. R. Civ. P. 12(c).

[2] *See Cummings v. Norton*, 393 F.3d 1186, 1189 (10th Cir. 2005).

[3] Barton's amended complaint refers to the LLC and the Corporation collectively as "Desert Labs."

[4] Pl. Amend. Compl. ¶¶ 16-17 (Apr. 12, 2006).

Division, which "found Deseret Labs had violated the FMLA."[5]  The division, however, was unable to fully resolve the dispute, and Mr. Barton brought this action.

In his amended complaint, Mr. Barton argues that the LLC and the Corporation interfered with his right to take leave under FMLA.  He also claims relief on estoppel grounds, arguing he relied, to his detriment, "upon Deseret Labs' representation that he could take the time off he requested."[6]

The LLC moved to dismiss, arguing that it has never had any employees and could not qualify as an "employer" under the FMLA.  In response, Mr. Barton notes that the FMLA definition of employer includes "any person who acts, directly or indirectly, in the interest" of an eligible employer and, because the LLC "acted in the interest of co-Defendant Deseret Laboratories, Inc. when it terminated [his] employment" and responded to the Department of Labor investigation and, it could therefore qualify as an "employer" for FMLA liability.[7]  In its reply, however, the LLC points out that it "dissolved in 1998, then reregistered in 2005," and did not "even exist at the time Mr. Barton was employed by" the Corporation.[8]

## Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show there is "no genuine

---

[5] *Id*. at ¶ 28.

[6] *Id.* at ¶ 40.

[7] Pl.'s Memo. Opposing (LLC's/Def.'s?) Renewed Mot. to Dismiss 6 (May 30, 2006) (quoting 29 U.S.C. § 2611(4)).

[8] Def.'s Reply Memo. in Support of Renewed Mot. to Dismiss 1 (June 12, 2006)

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9]  While the party moving for summary judgment has the initial burden of showing that there is no genuine issue of material fact, the non-moving party is not "thereby relieved of his own burden" of producing countervailing evidence.[10]  To meet this burden, the non-moving party "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts to show a "genuine issue for trial."[11]  If the non-moving party fails to establish a genuine issue on an "element essential to [its] case" all other factual disputes become immaterial.[12]

The facts of this case, construed in the light most favorable to Mr. Barton, do not create a genuine issue as to whether the LLC was Barton's employer.  To state a claim under the FMLA, a plaintiff must show that the defendant company is an "employer" within "the meaning of the FMLA."[13]  As Mr. Barton acknowledged,[14] the LLC did not exist during the period he worked for Deseret Laboratories, Inc.; it dissolved in 1998 and re-registered in 2005.[15]  Thus, Barton cannot show that the LLC was his employer or an employer under the FMLA. His estoppel claim also fails since the LLC, which did not exist when he requested leave, could not have approved his

---

[9]Fed. R. Civ. P. 56(c)

[10]*Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986).

[11]*Id.*

[12]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

[13]*Schmitt v. Beverly Health and Rehab. Serv.*, 962 F. Supp. 1379, 1384 (D. Kan. 1997).

[14]Memo. Opposing Renewed Mot. Dismiss 3; n.3 (May 30, 2006).

[15]Sec. Decl. Scott Gubler ¶¶ 5-7 (June 12, 2006).

leave or terminated his employment.  Of course, in reaching this conclusion, the court does not affect Mr. Barton's claim against the Corporation.

## CONCLUSION

The court GRANTS the LLC's motion to dismiss (#8) and dismisses it from this case. The LLC did not exist during the period that Mr. Barton worked for Deseret Labs; as such, it could not have been his "employer."

SO ORDERED.

DATED this 11th day of July, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge